**IN THE COURT OF APPEALS OF IOWA**

No. 14-1159
Filed January 14, 2015

**IN THE INTEREST OF C.C.,**
**Minor Child,**

**T.C., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A father appeals from the juvenile court's adjudicatory order dismissing child-in-need-of-assistance proceedings. **AFFIRMED.**

Jane Odland of Odland Law Firm, Newton, for appellant father.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, and Rebecca Petig, County Attorney, for appellee State.

Dennis McKelvie, Grinnell, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

A father appeals from the juvenile court's adjudicatory order dismissing child-in-need-of-assistance proceedings. We affirm.

## I. *Background Facts and Proceedings*

C.C. was born in October 2002. C.C. has significant medical issues, including a seizure disorder and behavioral problems, which require medical care and near-constant supervision and attention. C.C.'s mother, a registered nurse, is primarily responsible for C.C.'s care, including taking her to medical appointments and following through with her day-to-day care. The mother also cares for C.C.'s four older brothers, whose interests are not at issue here.

The Iowa Department of Human Services (DHS) became involved with this family in the spring 2013, following reports of C.C. not receiving proper medical care. The mother agreed to receipt of voluntary services from DHS. DHS initiated a child abuse assessment, which resulted in a founded report of denial of critical care: failure to provide adequate health care. However, the report found the child was safe in the mother's home, and recommended DHS services to monitor the family and assure C.C.'s medical needs were being met. The mother appealed the founded report, and it was subsequently reversed by an administrative law judge. Meanwhile, the mother cooperated in DHS services. Two subsequent DHS investigations resulted in unconfirmed reports of failure to provide supervision and denial of critical care.

In October 2013, the State filed a petition alleging the child was in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n)

(2013).[1] A contested adjudicatory hearing was held over three days in November 2013, and February and March 2014. The mother sought dismissal of the petition, claiming the State failed to prove by clear and convincing evidence facts to support adjudication of the child as CINA under any of the legal grounds raised. The mother testified at length with regard to C.C.'s medical needs and care. In her testimony, the mother acknowledged an incident in which she had engaged in self-harm by cutting her leg, after a particularly stressful night of being up with C.C. who was having nocturnal seizures. The mother testified she was seeing a therapist to address her mental health needs. The mother further testified about changing medical care providers for C.C. because she did not agree with a provider's recommendations for C.C. The mother was questioned about a number of missed appointments and proffered reasons she had to reschedule those appointments.

The family's DHS caseworker acknowledged the mother had missed appointments for C.C., but testified the mother was always forthcoming with the reasons why she had to reschedule or cancel the appointments. The caseworker further testified the mother was generally committed to providing for the care and welfare of C.C.

---

[1] Section 232.2(6)(b) involves a child "[w]hose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child." Section 232.2(6)(c)(2) involves a child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child." Section 232.2(6)(n) involves a child "[w]hose parent's or guardian's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care." Iowa Code § 232.2(6)(n).

The guardian ad litem filed a report and recommendation with the court in April 2014. The GAL did not opine as to whether the record supported legal grounds for adjudication, but stated, "It appears that [the mother], under difficult circumstances, is doing everything possible to obtain appropriate medical care. . . . While there is some evidence [the mother] has certain emotional and, perhaps, mental health issues, under the circumstances she performs admirably in taking care of [C.C.] and the teenage boys." The GAL further observed, "There are ongoing visitation complaints and complaints regarding the accuracy of reporting and medical care from [the father]. These matters are collateral to the issue at hand, and are appropriately handled in District Court where custody and visitations orders are in place."

In July 2014, the juvenile court issued its adjudicatory order dismissing the State's petition. The court determined the State failed to present clear and convincing evidence to show C.C. was a CINA under Iowa Code section 232.2(6)(b), (c)(2), or (n). The father appeals.[2]

## II.    Scope and Standard of Review

We conduct a de novo review of CINA proceedings de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* Our primary concern is the best interests of the child. *Id.* "CINA determinations must be based upon clear and convincing evidence." *Id.* at 41.

---

[2] Neither the State nor the child's guardian ad litem appealed the order.

### III.  Discussion

On appeal, the father contends the juvenile court should have adjudicated the child in this case CINA, alleging the State met its burden in proving the grounds alleged in the CINA petition under section 232.2(6)(b), (c)(2), and (n). We disagree.

Upon our de novo review, we conclude the juvenile court did not err in dismissing the CINA petition.  "If the court concludes facts sufficient to sustain a petition have not been established by clear and convincing evidence or if the court concludes that its aid is not required in the circumstances, the court shall dismiss the petition."  Iowa Code § 232.96(8).  Here, the court determined the State had not shown sufficient facts to sustain the petition or that further aid of the juvenile court was required, explaining:

> C.C. has significant medical issues for which she has been under the care of a Pediatric Endocrinologist and Neurologist.  C.C.'s mother is primarily responsible for C.C.'s care including medical appointments and follow through.  Mother had differing opinions on C.C.'s course of treatment and as a result mother's relationship with C.C.'s [provider] Dr. Joshi broke down during 2013.  Mother sought treatment for C.C. elsewhere.  Mother is often overwhelmed with C.C.'s behavior and medical needs.  C.C. is now under the care of medical professionals from MINCEP in St. Paul Minnesota for her medical needs.  On a Sunday in mid-May of 2013 at approximately midnight, mother went into the bathroom of the family home and proceed to self-harm by cutting on her own leg with a scalpel.  C.C. was asleep during mother's cutting incident.  Child, J.C. (not a subject of this petition) encountered mother engaging in the cutting behavior.  Mother engaged in the cutting "to relieve stress."  Mother has a therapist for mother's mental health issues.  Mother addressed the cutting incident with mother's therapist.  Mother has engaged in self-harm behavior in the past when under significant stress, the most recent incident occurring approximately 8 years prior to the current (May 2013) incident.
> The Petitioner has failed to establish by clear and convincing evidence that C.C. is a child in need of assistance under Iowa Code section 232.2(6)(b).  *There was no evidence that the child's parent*

*physically abused or neglected the child or was imminently likely to do so.* Petitioner has failed to establish by clear and convincing evidence that C.C. is a child in need of assistance under Iowa Code section s 232.2(6)(c)(2) and (n). While mother's self-harming behavior is troublesome and indicative of continued mental health concerns regarding mother, as is the fact that mother is often overwhelmed with C.C.'s behavior and needs, *these issues have not resulted in C.C. receiving less than adequate care, nor has C.C. suffered harmful effects or been imminently likely to suffer harmful effects as a result of mother's failure to exercise a reasonable degree of care in supervising C.C.* The Petition should be dismissed.

(Emphasis added.) Under the circumstances of this case, we agree with the assessment of the juvenile court that the legal grounds for adjudication were not shown. We therefore affirm the juvenile court's dismissal of the CINA petition.

**AFFIRMED.**